**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 14-4623**

---

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

JEAN CLAUDE ROY, a/k/a Dredd the Don, a/k/a Dreddy,

                Defendant - Appellant.

---

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paul W. Grimm, District Judge. (8:13-cr-00249-PWG-1)

---

Submitted: October 30, 2015         Decided: November 5, 2015

---

Before SHEDD, DUNCAN, and KEENAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Gary E. Proctor, LAW OFFICES OF GARY E. PROCTOR, LLC, Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Baltimore, Maryland, Sujit Raman, Kristi O'Malley, Assistant United States Attorneys, Greenbelt, Maryland; Vanita Gupta, Principal Deputy Assistant Attorney General, Mark L. Gross, Teresa Kwong, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jean Claude Roy was convicted by a jury of conspiracy to commit sex trafficking by force, fraud, and coercion, three counts of interstate transportation for prostitution, and witness and evidence tampering, and was sentenced to a total of 240 months' imprisonment. On appeal, Roy argues that 18 U.S.C. § 1594(c) (2012) is void for vagueness, that the evidence on the conspiracy count was insufficient, that the district court erred by excluding certain evidence pursuant to Fed. R. Evid. 412, and that his sentence is procedurally and substantively unreasonable. We affirm.

Because Roy did not move to dismiss the conspiracy count on the grounds that § 1594(c) was impermissibly vague, we review this claim for plain error. To establish plain error, Roy must show that (1) an error occurred, (2) the error was plain, (3) the error affected his substantial rights, and (4) "the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Henderson v. United States, 133 S. Ct. 1121, 1126-27 (2013) (brackets and internal quotation marks omitted). An error is plain if, "at the time of appellate consideration, . . . the settled law of the Supreme Court or this circuit establishes that an error has occurred." United States v. Ramirez-Castillo, 748 F.3d 205, 215 (4th Cir. 2014) (internal quotation marks omitted). The "vagueness doctrine

2

bars enforcement of a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." United States v. Lanier, 520 U.S. 259, 266 (1997) (internal quotation marks omitted). A statute is not unconstitutionally vague if the "commonsense meaning" of its terms is clear. United States v. Powell, 423 U.S. 87, 93 (1975) ("[S]training to inject doubt as to the meaning of words where no doubt would be felt by the normal reader is not required by the 'void for vagueness' doctrine.").

Section 1594(c) applies to "[w]hoever conspires with another to violate section 1591," which in turn applies, in relevant part, to

> [w]hoever knowingly in or affecting interstate or foreign commerce, . . . recruits, entices, harbors, transports, provides, obtains, or maintains by any means a person . . . knowing, or in reckless disregard of the fact, that means of force, threats of force, fraud, coercion . . . or any combination of such means will be used to cause the person to engage in a commercial sex act.

18 U.S.C. § 1591(a)(1). Roy argues that a conspirator cannot, at the time of the agreement, know that the conspiracy will successfully coerce a then-unknown victim to engage in a sex act. Although we have not previously addressed this issue, the Ninth Circuit has held that § 1591 "does not require knowledge in the sense of certainty as to a future act," but only requires

3

"that the defendant know in the sense of being aware of an established modus operandi that will in the future cause a person to engage in prostitution." United States v. Todd, 627 F.3d 329, 334 (9th Cir. 2010) (noting that it is impossible to know future events with certainty). This interpretation comports with the obvious, commonsense interpretation of what people mean when they speak of "knowing" of a future event. Moreover, the Supreme Court has held that a knowledge requirement does not raise but "alleviates vagueness concerns." McFadden v. United States, 135 S. Ct. 2298, 2307 (2015) (rejecting argument that drug statute was vague because it required defendant to know that possessed substance was controlled substance analogue). Accordingly, we find that settled law does not indicate that this statute is vague.

Roy also argues that § 1594 requires a defendant to know his victim's background because that background is relevant to the definition of what acts are coercive. However, the statute does not require the conspirators to possess this information from the outset of the conspiracy, as long as they know that their modus operandi involves force, threats of force, fraud, or acts that they will devise to be sufficiently coercive to ensure compliance. See Todd, 627 F.3d at 334. Likewise, Roy's argument that § 1594 is vague as applied to the "reckless disregard" clause of § 1591 fails because a defendant can agree

4

to traffic a victim when he has reason to believe that she will be coerced into prostitution, but recklessly disregards this danger. Because settled law does not render § 1594(c) void for vagueness, we find that the district court did not err in failing to sua sponte dismiss the conspiracy count on this basis.

Roy next argues that the evidence on the conspiracy count was insufficient because there was no evidence that anyone was actually coerced into prostitution or that Roy and his coconspirator expected anyone to be defrauded or coerced into prostitution. "We review a district court's denial of a motion for judgment of acquittal de novo," and will sustain the jury's verdict "if there is substantial evidence, taking the view most favorable to the government, to support it." United States v. Reed, 780 F.3d 260, 269 (4th Cir. 2015) (internal quotation marks omitted).

In this case, there was ample evidence that Roy's coconspirator used fraudulent promises to recruit prostitutes and that Roy engaged in threatening behavior towards the prostitutes. Indeed, one victim, K.M., testified that Roy intimidated her into continuing to work for him when he mistreated another prostitute who left and he stated that the

next person who left would not be able to leave so easily.[1] Further, the jury could easily have found that Roy and his coconspirator expected these tactics to succeed. Accordingly, we conclude that the evidence, taken in the light most favorable to the Government, was sufficient to support Roy's conspiracy conviction.

Roy also argues that the district court erred by excluding evidence of a coconspirator's later sexual conduct pursuant to Fed. R. Evid. 412. Any error was harmless because the minimal impeachment value that this evidence provided could not possibly have affected the verdict. United States v. Johnson, 617 F.3d 286, 292 (4th Cir. 2010).

Finally, Roy argues that his sentence was procedurally and substantively unreasonable. Roy first claims that the district court failed to adequately explain his sentence. Most of his arguments on this point concern the substance of the court's reasoning, not the adequacy of its explanation. Moreover, the court discussed in great detail how Roy's conduct removed him

---

[1] Although the jury ultimately acquitted Roy of the substantive § 1591 counts, this acquittal does not require us to disregard these victims' testimony in determining whether the evidence was sufficient to support the conspiracy count. See United States v. Louthian, 756 F.3d 295, 305 (4th Cir.) ("[I]t is well-settled that a defendant cannot challenge his conviction merely because it is inconsistent with a jury's verdict of acquittal on another count." (internal quotation marks omitted)), cert. denied, 135 S. Ct. 421 (2014).

6

from the heartland of the applicable Sentencing Guidelines and how these facts informed its application of the § 3553(a) factors. Accordingly, we find that the district court provided "an 'individualized assessment' based on the particular facts of the case before it [and] . . . a rationale tailored to the particular case at hand and adequate to permit 'meaningful appellate review.'" United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (footnote and citation omitted) (quoting Gall v. United States, 552 U.S. 38, 50 (2007)).

As to Roy's assertions of error in the district court's Guidelines calculation, "rather than review the merits of each of [Roy's] challenges, we may proceed directly to an assumed error harmlessness inquiry." United States v. Gomez-Jimenez, 750 F.3d 370, 382 (4th Cir.) (internal quotation marks omitted), cert. denied, 135 S. Ct. 305 (2014). "A Guidelines error is considered harmless if . . . (1) the district court would have reached the same result even if it had decided the [G]uidelines issue the other way, and (2) the sentence would be reasonable even if the [G]uidelines issue had been decided in the defendant's favor." Id. (internal quotation marks omitted).

Because the district court stated that it would have imposed an identical sentence as a variance if the Guidelines range were different, the first prong of the harmlessness inquiry is satisfied. Our review of substantive reasonableness

7

examines "the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." Id.

The district court correctly noted that Roy coerced and emotionally manipulated his victims, taking advantage of their emotional vulnerability, youth, and desperation.[2] The court cited Roy's use of a gun when recruiting one of his prostitutes, his sexual assault of two of them, and his humiliation of anyone who disobeyed him as proof that he was different from a typical defendant subject to the same Guidelines. The court also found that the need to protect the public from coercive sex trafficking was great, and that Roy's prior murder charge had not made him respect the law, but that he instead used that charge to threaten his victims.

We conclude that the totality of the circumstances supports a finding that Roy's conduct and the circumstances of the offenses far exceed those of a typical defendant subject to the

---

[2] To the extent Roy argues that the district court erred by relying on conduct of which he was acquitted, this argument is foreclosed by our precedent. United States v. Jinwright, 683 F.3d 471, 484 (4th Cir. 2012) (holding that acquittal does not preclude consideration of underlying facts at sentencing). See generally United States v. Rivers, 595 F.3d 558, 564 n.3 (4th Cir. 2010) ("A panel of this court cannot overrule, explicitly or implicitly, the precedent set by a prior panel of this court." (alteration and internal quotation marks omitted)).

Guidelines he proposes.  Accordingly, we find that the district court did not abuse its discretion in its sentencing determinations, that Roy's sentence is substantively reasonable, and that any error in the district court's Guidelines calculations is harmless.

We affirm the judgment of the district court.  We deny Roy's motion for leave to file a pro se brief.  See United States v. Penniegraft, 641 F.3d 566, 569 n.1 (4th Cir. 2011). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED